UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RAY CHARLES HARRIS,<br><br>    Petitioner,<br><br>v.<br><br>STATE OF WASHINGTON,<br><br>    Respondent. | CASE NO. 3:16-CV-05716-BHS-DWC<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: December 2, 2016 |

The District Court has referred this action to United States Magistrate Judge David W. Christel. Petitioner Ray Charles Harris filed his federal habeas Petition on June 1, 2016, pursuant to 28 U.S.C. § 2254, seeking relief from a state court conviction. *See* Dkt. 1. The Court concludes Petitioner is not "in custody" pursuant to the conviction he challenges. Therefore, the Court recommends the Petition be dismissed.

BACKGROUND

On July 23, 2014, Petitioner was found guilty of assault in the third degree and malicious mischief in the third degree. Dkt. 16, Exhibit 3. Petitioner was sentenced to a total of 544 days of imprisonment. Dkt. 16, Exhibit 1. Petitioner challenged his convictions and sentence on direct

1  appeal. Dkt. 16, Exhibits 6, 7.[1] The Court of Appeals of the State of Washington affirmed

2  Petitioner's convictions on September 15, 2015. Dkt. 16, Exhibit 8. Petitioner filed a motion to

3  modify the commissioner's ruling, which was denied on December 14, 2015. Dkt. 16, Exhibits 9,

4  10. Petitioner petitioned for review, and the Washington State Supreme Court denied review on

5  June 1, 2016. Dkt. 16, Exhibits 11-13.[2] On June 24, 2016, the state court of appeals issued its

6  mandate. Dkt. 16, Exhibit 14. There is no evidence Petitioner filed a personal restraint petition

7  ("PRP") seeking state post-conviction relief.

8        On August 16, 2016, Petitioner filed the Petition raising the following two grounds: (1)

9  Petitioner was denied the right to confront the victim at the 3.5 hearing[3] and trial; and (2)

10  Petitioner's due process rights were violated when the state amended charges on the day of trial

11  without timely notice. Dkt. 7.

12        Respondent maintains the Petition should be dismissed because Petitioner: (1) did not name

13  a proper respondent;[4] (2) is no longer "in custody" for the July 23, 2014 convictions; and (3) failed

14  to exhaust the grounds raised in the Petition. Dkt. 15. Respondent served the Answer on Petitioner

15  on October 6, 2016. *Id.* at p. 24. Petitioner filed his Response on October 12, 2016. Dkt. 17.

---

[1] On direct appeal, Petitioner alleged: (1) the state failed to meet its burden of proving every element of fourth degree assault, as instructed in the case, because the evidence does not show Petitioner touched or caused an item or substance to touch the victim's person; and (2) the record fails to establish the trial court actually took into account Petitioner's financial circumstances before imposing discretionary legal financial obligations. Dkt. 16, Exhibit 6.

[2] In the Petition for Review, Petitioner asserted: (1) his right to confront the victim was violated when she did not appear to testify at the preliminary hearings or trial ; and (2) the amended charge from second degree to third degree assault on the day of trial was untimely and therefore in violation of due process rights to adequate notice. Dkt. 16, Exhibits 11, 12.

[3] A Rule 3.5 hearing is a hearing held pursuant to Washington Criminal Rule 3.5 to determine if the statements of an accused is admissible at trial.

[4] Petitioner moved to amend his Petition to name Jeffrey A. Uttecht as Respondent in this case. Dkt. 20. The Court has granted Petitioner's Motion to Amend. *See* Dkt. 30. Petitioner has now named a proper respondent and the Court will not consider Respondent's assertion that the Petition should be dismissed because Petitioner did not name a proper respondent.

## EVIDENTIARY HEARING

The decision to hold an evidentiary hearing is committed to the Court's discretion. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "[A] federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Id.* at 474. In determining whether relief is available under 28 U.S.C. § 2254(d)(1), the Court's review is limited to the record before the state court. *Cullen v. Pinholster*, 131 S.Ct. 1388 (2011). A hearing is not required if the allegations would not entitle Petitioner to relief under §2254(d). *Landrigan*, 550 U.S. at 474. "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id.*; *see Cullen*, 131 S.Ct. 1388. The Court finds it is not necessary to hold an evidentiary hearing in this case because Petitioner's claims may be resolved on the existing state court record.

## DISCUSSION

### I.     Custody Requirement

Respondent maintains the Petition should be dismissed because Petitioner is no longer "in custody" for the July 23, 2014 convictions challenged in the Petition. Dkt. 15. "The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are '*in custody* in violation of the Constitution or laws or treaties of the United States.'" *Maleng v. Cook*, 490 U.S. 488, 490 (1989) (quoting 28 U.S.C. § 2247(c)(3)). A petitioner must be "in custody" under the conviction or sentence under attack when he files his federal petition. *Id.* at 490-91. The "in custody" requirement is met when a petitioner "is subject to a significant restraint upon his liberty 'not shared by the public generally.'" *Wilson v. Belleque,* 554 F.3d 816, 822 (9th Cir.2009) (*quoting Jones v. Cunningham,* 371 U.S. 236, 240 (1963)). When the conviction or sentence under attack has fully expired at the time the petition is

filed, the petitioner does not meet the "in custody" requirement. *Id.* at 492. A petitioner is not "in custody" under a conviction after the sentence imposed has fully expired merely because the prior conviction could be used to enhance a sentence imposed for a future conviction. *Id.* at 493. Nevertheless, with respect to subject-matter jurisdiction, a petitioner is "in custody" for habeas purposes when he challenges a current conviction as enhanced by an allegedly unconstitutional prior conviction. *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 401–02 (2001).

Here, Petitioner was sentenced a total of 544 days of incarceration on August 1, 2014. Dkt. 16, Exhibit 1. Petitioner received credit for 372 days of time served prior to sentencing. *Id*. Additionally, the trial court noted, with Petitioner's earned good time, he would likely be released within a few days of sentencing. *See* Dkt. 16, Exhibit 4, pp. 14-15. The trial court did not impose a period of community custody, but did impose a no-contact order. *Id*. at p. 16. The trial court stated Petitioner was under "no further obligation on this case" upon release from prison. *Id*. at p. 24, ln. 5-6.

As Petitioner was not sentenced to a term of community custody, he was no longer "in custody" on the July 23, 2014 convictions upon his release from incarceration. While there is no evidence showing Petitioner's release date, Petitioner's incarceration for the July 23, 2014 convictions would have ended between August 1, 2014 and January 20, 2015.[5] Petitioner did not file the Petition until August 29, 2016, approximately 19 months after the last possible date he would have been released from custody for the July 23, 2014 convictions. *See* Dkt. 1.

---

[5] If Petitioner failed to earn good time early release credits, he had 172 days remaining on his sentence as of August 1, 2014 –the date he was sentenced—and thus would have been released from custody no later than January 20, 2015.

1    Petitioner asserts he was "in custody" when he filed the Petition because the state court

2 imposed a no-contact order as a result of the July 23, 2014 convictions and he is now in prison

3 for violating the no-contact order. *See* Dkt. 17. The Ninth Circuit has found a Washington State

4 no-contact order does "not place a 'severe' and 'immediate' restraint on [a petitioner's]

5 individual liberty, and thus does not render him 'in custody' for habeas purposes." *Holmes v.*

6 *Satterberg*, 508 F. App'x 660, 661 (9th Cir. 2013) (internal citations omitted). Here, the no-

7 contact order does not render Petitioner "in custody" for the July 23, 2014 convictions.

8 Furthermore, Petitioner is not challenging the no-contact order or asserting his current conviction

9 was enhanced by the July 23, 2014 convictions. *See* Dkt. 7; *Lackawanna*, 532 U.S. at 401–02.

10 Therefore, Petitioner has not shown he was "in custody" for the July 23, 2014 convictions when

11 he filed the Petition.

12   There is no evidence Petitioner was serving a sentence as a result of the July 23, 2014

13 convictions on the date Petitioner filed the Petition; thus, Petitioner does not meet the "in

14 custody" requirement. As Petitioner does not meet the "in custody" requirement, the Court lacks

15 jurisdiction over this case. Accordingly, the Court recommends the Petition be dismissed. *See*

16 *Holmes*, 508 F.App'x at 661.[6]

17   **II.    Motion for Summary Judgment (Dkt. 14)**

18   Petitioner filed a Motion for Summary Judgment on October 3, 2016, requesting the

19 Court reverse his July 23, 2014 convictions and dismiss the charges against him. Dkt. 14. As the

---

[6] As the Court lacks jurisdiction over this case, the Court need not consider Respondent's argument that Petitioner failed to exhaust available state remedies. However, during his direct appeal, Petitioner raised Grounds 1 and 2 only in his petition for review with the state supreme court. *See* Dkt. 16, Exhibits 6, 11, 12. As Petitioner did not raise the allegations contained in Grounds 1 or 2 during each level of his direct appeal, he did not give the state court a full and fair opportunity to determine if a federal constitutional violation occurred. *See Ortberg v. Moody*, 961 F.2d 135, 138 (9th Cir. 1992) (finding claims were unexhausted when they were not raised on every level of direct review); *O'Haver v. Ruiz*, 2016 WL 1019264, * 4 (W.D. Wash. Feb. 11, 2016) ("A petitioner must properly raise a habeas claim at every level of the state courts' review."). Therefore, Grounds 1 and 2 of the Petition were not properly exhausted.

1  Court concludes it lacks jurisdiction over this case, the Court recommends Petitioner's Motion
2  for Summary Judgment be denied.

3  CERTIFICATE OF APPEALABILITY

4  A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district
5  court's dismissal of the federal habeas petition only after obtaining a certificate of appealability
6  (COA) from a district or circuit judge. *See* 28 U.S.C. § 2253(c). "A certificate of appealability may
7  issue . . . only if the [petitioner] has made a substantial showing of the denial of a constitutional
8  right." 28 U.S.C. § 2253(c)(2). Petitioner satisfies this standard "by demonstrating that jurists of
9  reason could disagree with the district court's resolution of his constitutional claims or that jurists
10 could conclude the issues presented are adequate to deserve encouragement to proceed further."
11 *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (*citing Slack v. McDaniel*, 529 U.S. 473, 484
12 (2000)).

13 No jurist of reason could disagree with this Court's evaluation of Petitioner's claims or
14 would conclude the issues presented in the Petition should proceed further. Therefore, the Court
15 concludes Petitioner is not entitled to a certificate of appealability with respect to this Petition.

16 CONCLUSION

17 For the above stated reasons, the Court recommends the Petition (Dkt. 7) be dismissed and
18 Petitioner's Motion for Summary Judgment (Dkt. 14) be denied. No evidentiary hearing is
19 necessary and a certificate of appealability should be denied.

20 Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen
21 (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure
22 to file objections will result in a waiver of those objections for purposes of de novo review by the
23 district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R.
24

REPORT AND RECOMMENDATION - 6

1    Civ. P. 72(b), the clerk is directed to set the matter for consideration on December 2, 2016, as

2    noted in the caption.

3         Dated this 15th day of November, 2016.

                                                              David W. Christel
                                                               United States Magistrate Judge